IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )
                               )
     v.                        )     No.  07 CR 298
                               )
EDWARD R. VRDOLYAK,            )
                               )
               Defendant.      )

                      MEMORANDUM ORDER

     During the March 3, 2009 hearing in which this Court was
provided with the information necessary for completion of the
judgment and commitment order in this case, counsel for defendant
Edward Vrdolyak ("Vrdolyak") was asked whether his review of the
Presentence Investigation Report ("PSI") had identified any of
its provisions that needed correction.  Counsel's response
referred to the government's claim of asserted loss to the victim
(then known as Chicago Medical School, referred to in the PSI as
"CMS"), as described at PSI 4:131 to 5:144.[1]  Because that
description accurately reflects the government's position--a
position that this Court has both rejected and explained in
detail its reasons for such rejection--there is no need to modify
the PSI in that respect.  But this memorandum order goes on to
identify (1) two brief aspects of the PSI that are erroneous and
need correction and (2) a major section of the PSI (the

---

     [1]  In all references to the PSI, the number preceding the
colon designates the page and the number following the colon
designates the line number.

calculation of the advisory Sentencing Guidelines) with which this Court does not agree.

First as to the brief items needing correction:

    1. PSI 3:85-86 states incorrectly that "Smithfield agreed to pay the defendant and Levine a ten percent fee upon the purchase of the property." To the contrary, Smithfield's Compensation Agreement for the payment of a finder's fee was entered into only with Vrdolyak--Smithfield had no knowledge of Levine's involvement in that respect.

    2. PSI 3:88-89 states:

> Initially, Smithfield offered $9.5 million, but, when other bids were submitted for $15 and $15.5, Smithfield increased the bid to $15 million.

That use of the term "bids" is potentially misleading. In fact the expressions of interest by other prospective purchasers of the 1001 North Dearborn property (the Farley Group and Loyola University) had not taken the form of bids in the sense that CMS had put the property out for bids at that time, though it is certainly true that Smithfield's increase of its offer from $9.5 million to $15 million was the result of Vrdolyak's anger when he heard about the substantial disparity between the Smithfield offer and those expressions of interest by the other parties.

Those provisions should be edited accordingly.

As for the major component of the PSI that this Court has disapproved, it relates to the Guideline calculation from PSI 6:172 through 7:218 and 7:224 to 7:230. With those sections eliminated from consideration because of the absence of proof of any loss sustained by CMS as the result of Vrdolyak's conduct, the two-level reduction for acceptance of responsibility (Guideline §3E1.1(a)) reduces the total offense level to 4. This Court has sentenced Vrdolyak on that basis and has prepared the judgment and commitment order accordingly, although it has also ruled that even if the advisory Guideline calculation had been conformed to a modified form of the government's version (the government's actual position, as carried forward into the PSI, was impermissibly excessive), the sentence called for by a proper application of the 18 U.S.C. §3553(a) factors would have been the same one pronounced by this Court.

Milton I. Shadur
Senior United States District Judge

Date: March 4, 2009